UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO INDEMNITY CO.

    Plaintiff,

v.                                        Case No. 8: 20-cv-2193-T-02AAS

CHRISTYNE PRIDE, as Personal
Representative of the Estate of BRITTANY
STRICKLAND, MARIBEL RIVERA,
CYRUS BERNARD, and THOMAS
GORDON

    Defendants.

_____/

**<u>ORDER GRANTING DEFENDANT CHRISTYNE PRIDE'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION</u>**

This cause comes before the Court on Defendant Christyne Pride's Motion to Dismiss, Dkt. 11, GEICO Indemnity Co.'s Complaint for Declaratory Judgment, Dkt. 1. In the Complaint, GEICO seeks a declaration that it has no duty to defend or indemnify Maribel Rivera, Cyrus Bernard, and Thomas Gordon in a wrongful death action that Defendant Pride filed on behalf of her daughter Brittany Strickland's estate in Florida state court. The GEICO policy carries a $10,000 coverage limit on these facts. Defendant Pride moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and, alternatively, for failure to state a claim under Rule 12(b)(6).

GEICO has responded to the motion. Dkt. 16. After considering the parties' submissions and with the benefit of oral argument, the Court will grant the motion to dismiss for lack of subject-matter jurisdiction—GEICO has not satisfied the amount-in-controversy requirement—and will deny as moot the motion to dismiss for failure to state a claim.

## BACKGROUND

This case arises from the events surrounding nineteen-year-old Brittany Strickland's unfortunate and untimely death. The facts below come from the underlying state court complaint and are undisputed for the purposes of this motion.

In August 2018, Strickland attended a house party in Lakeland, Florida. Dkts. 1 ¶ 17; 1-2 ¶¶ 21–26, 40. At the party, Strickland consumed an unknown illegal substance, and it soon became apparent that she had suffered an overdose. Dkts. 1 ¶ 18; 1-2 ¶¶ 41–43. Upon noticing Strickland's condition, the party's host demanded that Defendant Bernard, Defendant Gordon, and their friend Drake Bell get Strickland out of the house. Dkt. 1-2 ¶ 42.

The three men took Strickland to Gordon's home. Dkts. 1 ¶ 18; 1-2 ¶ 43. At some point while at Gordon's home, Strickland became unconscious. Dkts. 1 ¶ 21; 1-2 ¶¶ 47–51. When Bernard, Gordon, and Bell could not wake her, they decided to take Strickland to her home. Dkts. 1 ¶ 22; 1-2 ¶¶ 71–78. The three men sat

Strickland in the back seat of a Honda Civic owned by Maribel Rivera and insured with GEICO and headed for the address on Strickland's driver's license. Dkts. 1 ¶¶ 22–25, 28–29; 1-1 at 5; 1-2 ¶¶ 75–91; 1-3 ¶¶ 3–5. Gordon drove. Dkts. 1 ¶ 25; 1-2 ¶ 77.

Upon arriving at Strickland's address, Bernard and Bell carried an unconscious Strickland from the car and laid her body on the porch outside her residence. Dkts. 1 ¶ 31; 1-2 ¶¶ 94–99. The three men then drove off. Dkt. 1 ¶ 32; 1-2 ¶ 99–100. After they left, Bernard called 911 anonymously. Dkts. 1 ¶ 34; 1-2 ¶¶ 101, 104. A rescue squad responded to Strickland's residence and pronounced her dead at the scene. Dkts. 1 ¶¶ 35–36; 1-2 ¶¶ 102–05.

In the wake of Strickland's death, Defendant Pride filed a wrongful death action on behalf of her daughter's estate in Florida state court against Bernard, Gordon, and several others. Dkt. 1-2 ¶¶ 142–53, 166–77. Pride later added Maribel Rivera as a defendant and asserted counts of dangerous instrumentality and negligent entrustment against Rivera as the owner of the car Gordon and Bernard used to transport Strickland's body. Dkts. 1-3 at 86–89; 26-1.

As noted, Rivera and the Honda Civic used to transport Strickland are insured under an auto liability policy with GEICO. Dkt. 1-1 at 5. The policy includes an indemnity provision that requires GEICO to "pay damages which the insured becomes legally obligated to pay because of: bodily injury, sustained by a

3

person . . . arising out of the ownership, maintenance or use of the [insured] auto." *Id.* at 11–12. "Persons insured" under the policy are the policy holder and "[a]ny other person using the [insured] auto with [policy holder's] permission." *Id.* at 13. The policy defines "bodily injury" as "bodily injury to a person, caused by accident, including resulting sickness, disease or death." *Id.* at 11. The policy caps bodily injury liability coverage at $10,000 per person in a single accident and $20,000 for a single accident resulting in injuries to multiple people. *Id.* at 5, 16.

The policy also provides that GEICO "will defend any suit for damages payable under the terms of this policy." *Id.* at 12. According to this provision, GEICO is defending Bernard, Gordon, and Rivera in the underlying wrongful death suit under a reservation of rights. Dkts. 1 ¶ 40–41; 16-3. In the meantime, GEICO filed this declaratory judgment action, seeking a declaration that it has no duty to defend or indemnify Rivera, Bernard, or Gordon under the policy. Dkt. 1. Defendant Pride now moves to dismiss for lack of subject-matter jurisdiction and for failure to state a claim. Dkt. 11. Only the jurisdictional challenge bears addressing.

## DISCUSSION

Federal courts are courts of limited jurisdiction and must have statutory or constitutional authority to adjudicate a claim. *In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035, 1042 (11th Cir. 2008). Federal subject-matter jurisdiction is

4

limited to those claims arising under the Constitution or laws of the United States and those cases involving citizens of different states and where the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide "an independent source of federal jurisdiction." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). So a plaintiff seeking declaratory relief bears the burden of establishing one of the two bases for federal jurisdiction in order for the action to proceed. *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).

GEICO invokes the Court's diversity jurisdiction. The parties are of diverse citizenship. The concern here is whether GEICO has satisfied the amount-in-controversy requirement.

In a declaratory judgment action, the amount in controversy is measured by the "monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)). In an action by an insurer seeking a declaration that it has no duty to defend or indemnify its insured in a pending lawsuit, a court examines three factors to determine the amount in controversy. The court considers: "(1) the coverage limits under the insurance policy; (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the underlying

lawsuit." *Clarendon Am. Ins. Co. v. Mia. River Club, Inc.*, 417 F. Supp. 2d 1309, 1316 (S.D. Fla. 2006) (citing *Stonewall Ins. Co. v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976)).[1]

In a declaratory judgment action, the plaintiff need not establish the jurisdictional amount to a "legal certainty." *Federated Mut. Ins. Co.*, 329 F.3d at 807. Rather, the plaintiff must "prov[e] by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Id.* To meet this burden, the plaintiff should supply specific factual allegations establishing jurisdiction that are supported by "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Without this essential factual predicate, "the amount in controversy c[an] be 'divined [only] by looking at the stars'—only through speculation—and that is impermissible." *Id.* at 753–54 (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007)).

Applying this standard, GEICO cannot show that it has met the jurisdictional amount when looking to the relevant factors. First, Rivera's policy caps bodily injury liability at $10,000 per person, per accident. Strickland is the only injured party here, so GEICO is not liable for damages beyond the $10,000 policy limit.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as precedent all decisions of the former Fifth Circuit before October 1, 1981.

Acknowledging this, GEICO maintains that it will make up the rest of the jurisdictional amount through the costs it will incur defending Rivera, Bernard, and Gordon in the underlying lawsuit. To support this claim, GEICO has provided an affidavit from its regional claims manager. According to the claims manager, GEICO has retained counsel for Gordon and Bernard and will do the same for Rivera. Dkt. 16-2 at 2–3. The claims manager states that GEICO has incurred $9,401.50 in attorney's fees up to this point and estimates that the total cost of defending the action will exceed $200,000. *Id.* at 3. This estimate is based on the claims manager's understanding that when considering fees and costs "for a defense of a typical wrongful death action through trial, . . . it is not uncommon for such expenses to be in excess of $200,000." *Id.*

Projected costs and attorney's fees can help carry a plaintiff across the jurisdictional threshold. *See, e.g.*, *Integon Nat'l Ins. Co. v. Ben's Reliable Roofing, Inc.*, No. 09-cv-61300-PAS, 2010 WL 11506048, at *3 (S.D. Fla. Jan. 26, 2010); *Dairyland Ins. Co. v. Chadwick*, No. 07-cv-2091-T-30MMS, 2008 WL 912428, *3 (M.D. Fla. Apr. 1, 2008). But when, as here, "the amount in controversy substantially depends on a claim for attorney fees, that claim should receive heightened scrutiny." *See Cohen*, 204 F.3d at 1080 n.10. "Merely relying on general statements that any litigation of [a certain] nature would result in that level of fees is insufficient to meet the burden of proof." *Hall v. Am. Sec. Ins. Co.*, No.

09–21697–CIV, 2009 WL 2215131, *2 (S.D. Fla. July 23, 2009). Likewise, speculative and "self-serving" assertions that "conveniently conclude th[e] potential attorney's fees are likely to exceed the amount in controversy requirement" will not satisfy the plaintiff's burden either. *Direct Gen. Ins. Co. v. Gay*, No. 10-CV-336-SPM, 2011 WL 13312316, at *1 (N.D. Fla. Mar. 4, 2011).

      This is exactly what GEICO has provided here. GEICO asserts that its expenses will exceed the jurisdictional amount based on its understanding of the generalized costs of defending a wrongful death action through trial and the number of defendants it is representing. But this estimate is not tailored to the specific circumstances of this case. For example, GEICO does not address the likelihood that all three defendants will go to trial, the fees it will incur if the case does not go to trial, or the amount of discovery it anticipates undertaking—all of which are crucial to estimating projected legal fees. The bare conclusion that the costs of defending a typical wrongful death action will exceed the amount-in-controversy requirement, especially when the policy's coverage limits are well below this amount, is insufficient to prove the jurisdictional minimum. *Direct Gen. Ins. Co.*, 2011 WL 13312316, at *1. To hold otherwise would undermine the purpose of the amount-in-controversy requirement, which Congress established to "reduce the federal judiciary's workload with regard to cases arising under federal diversity jurisdiction." *Lynch v. Household Fin. Corp.*, 405 U.S. 538, 550 (1972).

That said, the Court's ruling does not leave GEICO without a remedy. It simply means that GEICO must seek declaratory relief in a Florida state court.

## CONCLUSION

Defendant Pride's motion to dismiss for lack of subject-matter jurisdiction (Dkt. 11) is **GRANTED**, and the motion to dismiss, in the alternative, for failure to state a claim (Dkt. 11) is **DENIED** as moot.

**DONE AND ORDERED** at Tampa, Florida, on December 4, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record